UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARLTON BECKFORD,

    Plaintiff,

v.                                      Case No. 6:08-cv-1644-Orl-35DAB

DR. J. LEE,

    Defendant.
_____/

### **ORDER**

This case is before the Court on the Motion to Dismiss (Doc. No. 13) filed by Defendant Dr. J. Lee.

### *I.    Factual Background*[1]

Plaintiff, a prisoner in the State of Florida proceeding *pro se*, filed a complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983 alleging that Defendant, a nurse practitioner at the Orange County Jail, was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

According to Plaintiff, at approximately 7:00 p.m. on May 12, 2008, his skin began to itch, and he noticed that his back and the back of his thighs were "whilched up and swollen." At approximately 8:30 p.m., he showed a duty nurse, who had passed by his cell, his "whilches and swelling," but she told him that his condition was not an emergency and

---

[1]The following statement of the facts is derived from Plaintiff's complaint (Doc. No. 1), the allegations of which this Court must take as true in ruling on a motion to dismiss. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

that he would need to "put in a sick call" as it appeared that he was allergic to something. A short time later, he requested a correctional officer to place a medical emergency sick call, but the request was denied.

Later that night, his throat began to tighten up, and he was experiencing difficulty breathing. As a result, a correctional officer took Plaintiff to the medical unit where he was seen by a nurse. The nurse checked his blood pressure and temperature and provided him with pills to relieve the symptoms. Plaintiff then returned to his cell; however, his symptoms persisted that same night, and he was taken back to the medical unit for treatment.

Plaintiff returned to his cell that night but was seen by Defendant the next morning (May 13, 2008) at 8:30 a.m. Defendant explained to Plaintiff that "the problem was the medication she put [him] on named Lisinopril 20 mg tablet." Plaintiff was sent back to his cell, and, at 9:00 a.m., the nurse provided Plaintiff with a pill "for his throat." He was given another pill at 9:00 p.m.

Plaintiff spent most of the days of May 14, 2008, and May 15, 2008, in bed, as he continued to feel uncomfortable as a result of the itching and inability to sleep. He was again seen by Defendant on May 16, 2008, and she told him that his medical records revealed that, in 2006, while he was incarcerated at the Orange County Jail, she had given him the same medication and that Plaintiff had suffered the same reaction thereto. Plaintiff returned to his cell, and, as of May 17, 2008, he continued to experience swelling and itching. He provided no further information as to his medical condition after May 17, 2008.

2

## II. Legal Discussion

### A. Standard for Motion to Dismiss

On a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." "'When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Thaeter v. Palm Beach County Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006) (citation omitted); *see also* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). Plaintiff must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). However, in the case of a *pro se* action, the Court should construe the complaint more liberally than it would a complaint drafted by a lawyer. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

### B. Deliberate Indifference to Plaintiff's Serious Medical Needs

The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments," and it has been interpreted as obligating prison officials to provide medical care to inmates in their custody. *See Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). "Prison personnel may not subject inmates to acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs . . . . [S]uch deliberate

3

indifference by a correctional system to the serious medical needs of its prisoners constitutes the kind of unnecessary and wanton infliction of pain that is proscribed by the [E]ighth [A]mendment." *Harris v. Thigpen*, 941 F.2d 1495, 1504-05 (11th Cir. 1991) (quotations omitted) (citations omitted).

In the present case, although Plaintiff alleges that Defendant prescribed medication to which he was allergic and that this allergy was noted in his medical records, Plaintiff does not allege that Defendant was subjectively aware, at the time that the medication was prescribed, of his allergy. Nor does Plaintiff allege that he ever informed Defendant, at the time the medication was prescribed or at any other time, of his allergy to the medication or that Defendant was independently aware of this allergy. There simply is no inference from his allegations that Defendant knew (at the time of prescribing or administering the medication) that she was giving him a medication to which he was allergic. The mere fact that the allergy was ascertainable from Plaintiff's medical records does not establish that Defendant intended to cause Plaintiff to suffer an allergic reaction or was subjectively aware of the likelihood that he would.

Although Plaintiff was not satisfied with the medical care he received at the hands of Defendant, his complaints were nonetheless addressed and were not ignored. Defendant determined that he suffered an allergic reaction to the medication and prescribed him some medication to deal with the reaction. The initial medication was discontinued, and Plaintiff does not allege any further complications from the brief period of time that the medication was prescribed.

The Court is unable to conclude that Defendant was deliberately indifferent to Plaintiff's serious medical needs. The most that could even be claimed on these sparse

allegations is that Defendant's conduct may have given rise to a claim of negligence or medical malpractice, which is not even adequately pled, but which is not a cognizable claim in any event under section 1983. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Consequently, Defendant's motion to dismiss is **GRANTED**.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss (Doc. No. 13, filed February 19, 2009) is **GRANTED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court is directed to enter judgment accordingly and to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 8th day of May 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sa 5/8
Carlton Beckford
Counsel of Record